RAMÓN ERNESTO AVALO, Plaintiff and Appellee, v. CÁNDIDO CACHO, Defendant and Appellant.

No. 10084.   Argued February 1, 1950.—Decided March 29, 1950.

Valentín Polanco de Jesús for appellant.   E. Pérez Casalduc for appellee.

98

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Plaintiff herein moved the lower court for an injunction restraining the defendant from closing a certain road. In the complaint filed April 27, 1949, the only allegations were as follows:

"That the plaintiff is the owner of the following farm: (The property is described.)

"That this farm adjoins on the East side a farm belonging to the defendant.

"That the plaintiff dedicates this farm to the planting of sugar cane and raising livestock.

"That for over 20 years there has been a road within this farm which runs across defendant's farm, but said road has always been considered a public road, and yesterday the defendant closed said road and has deprived the plaintiff of the use and enjoyment thereof to transport over it the products of his farm, which, as previously stated, is devoted to the planting of sugar cane, and which is at present in the process of harvesting."

To this complaint the plaintiff attached a petition for a restraining order in which, after referring to the complaint, the following was alleged:

"That the Court must issue a writ against the defendant ordering him to remove all obstacles from the road which runs across his farm in such a way as to enable the plaintiff to transport his farm products, which are those alleged in the complaint, plaintiff being ready to give the security ordered by the Court to answer for the damages he may cause to the defendant by virtue of said injunction."

On that same day and without hearing the defendant, the court issued the restraining order requested, as follows:

"In view of the verified complaint filed in this case and the petition for a preliminary injunction, the Court orders the defendant to abstain from interrupting in any manner whatsoever the transportation of the products from plaintiff's farm while

this proceeding is pending and until the same is decided by this Court, and for the hearing on this preliminary injunction the defendant is summoned to appear before this Court and the undersigned Judge, on Monday, May 2, 1949, at 9 a. m., to show cause why the injunction sought should not be issued. The plaintiff is required to furnish a bond for One Thousand Dollars to answer for the damages he may cause by virtue of this petition for injunction. . . ."

That same day also, the security was given, the corresponding order was issued and notice was served on the defendant by means of a copy of the restraining order.

Two days later, April 29, 1949, the plaintiff filed a motion informing the court that the defendant had not complied with the restraining order and the court entered an order summoning him to appear on May 2 to show cause why he should not be punished for contempt. On that same day the defendant filed a motion to dismiss the petition for injunction because it lacked sufficient facts to constitute a cause of action.

After the hearing on defendant's alleged contempt, the plaintiff desisted from his motion to that effect and asked leave to amend his motion for a restraining order. The defendant objected and prayed that the restraining order issued be set aside because the facts alleged did not justify its issuance, since neither the motion nor the proposed amendment set forth the irreparable damages caused to the plaintiff nor in what they consisted; that defendant's farm was not described nor the road which allegedly runs across it. At that moment the court asked: "Would those allegations be necessary in the possessory injunction?" The defendant answered affirmatively, and requested that the injunction (he meant restraining order) be dissolved, to which the court replied: "It is dissolved." And proceeded to continue the hearing until two o'clock in the afternoon in order to hear the parties on the preliminary injunction.

When the hearing was resumed in the afternoon, the plaintiff filed an amended petition for a preliminary injunc-

tion in which, after considering the averments of his petition for injunction as reproduced, he alleged:

"That the defendant has blocked the passage of motor vehicles (trucks) utilized by the plaintiff to transport his farm products over the public road which runs across defendant's farm, setting up an iron post, about six inches in diameter and three feet high, approximately two feet from the border on the left side of the road, in the direction of plaintiff's farm; that this post was set up by agents of the defendant following his orders and the latter has refused and refuses insistently to remove it;

"That the Court must issue a preliminary injunction requiring the defendant, while this suit is pending and until the same is decided, to eliminate all obstacle from the road which runs across his farm removing the aforesaid post and not to block in any other way the passage of motor vehicles utilized by the plaintiff for the transportation of his farm products over that road, by means of the furnishing by the plaintiff of the bond which the Hon. Court deems proper."

It will be noted that while it is alleged in the complaint that the defendant closed the road, it is alleged for the first time in this petition that what the defendant did was to block passage by setting up an iron post on the left side of the road.

The hearing went on and both parties presented evidence and the court, unable to make an inspection as requested, authorized each party to appoint an expert to inspect the road and to render a report, which they did. Two days later the court issued a preliminary injunction stating, among other things, that the restraining order was not effective for it had been set aside and that after examining the evidence and the reports submitted, the writ could be issued without prejudging the possessory injunction case on its merits. The court furthermore provided as follows:

"The security given by the plaintiff Ramón Ernesto Avalo when petitioning for the restraining order, is accepted, because the solvent sureties bind themselves to pay to the defendant the damages which he may incur due to the issuance of the pre-

liminary injunction if it is shown or decided that the plaintiff was not entitled to petition for a possessory injunction."

Feeling aggrieved the defendant appealed and now contends that the lower court erred in stating that the restraining order had no effect whatsoever, in deciding this case on the basis of a possessory injunction when from the allegations and in the manner of conducting the case it is clear that plaintiff induced the defendant to act as if an ordinary injunction were involved and in issuing the preliminary injunction without any security and without the complaint setting forth facts constituting a cause of action.

Appellant is right in maintaining that the complaint herein does not state facts sufficient to constitute a cause of action or to issue a possessory injunction, as the lower court did, for it is not alleged therein that the plaintiff has ever been in possession of the road, within the year preceding the filing of the complaint, defendant's farm is not described, the road is not described and the specific acts performed by the defendant to disturb plaintiff's possession have not been alleged. *Martorell* v. *Municipality*, 70 P.R.R. 358 and cases therein cited.

Could it be said that the evidence amended the averments of the complaint? We do not think so, since that evidence was presented for the purpose of the petition for preliminary injunction and not of the original complaint, and the question of the insufficiency of the complaint was brought to the attention of the court by the defendant. If this complaint was insufficient in the case of a possessory injunction, which the court deemed it to be, neither the granting of the *ex parte* restraining order originally entered by the court[1]

---

[1] And even if it had lain, the requisites of Rule 65(*b*) of the Rules of Civil Procedure were not complied with which Rule insofar as pertinent provides:

"No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss,

nor the preliminary injunction lay. Although in *Echevarría et al.* v. *Saurí*, 38 P.R.R. 661, we decided that an order in the nature of a writ of injunction *pendente lite* may be applied for in aid of the court's jurisdiction in an injunction proceeding to retain or recover possession, it was based on a sufficient complaint. Besides, in granting the preliminary injunction, the court could not leave in force the bond furnished when the restraining order was issued, since the latter had been set aside and regardless of the wording of that bond, the sureties could not be made to answer for something beyond that to which they bound themselves, to wit, the consequences of the restraining order originally granted. When the latter was set aside by the court, the effect of the bond was thereby terminated. When the preliminary injunction was subsequently granted, the court should have fixed a new bond which should have been furnished by the same sureties or by new ones, before the injunction could be effective.

We realize that possibly, due to the lapse of time, the questions involved have become academic. It is to be presumed that since, as decided by the lower court, an injunction to recover possession is involved, the same has been heard and decided, but be it as it may, we consider that the court erred in granting the preliminary injunction and that the judgment should be reversed and the case remanded for further proceedings if proper.

---

or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; . . ."